UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA TERAN AND JAVIER TERAN,<br><br>                 Plaintiffs,<br><br>   v.<br><br>ZIMMER, INC.; ZIMMER HOLDINGS, INC.; and ZIMMER ORTHOPAEDIC SURGICAL PRODUCTS, INC.,<br><br>                 Defendants. | Civil Action No. 1:11-cv-7709-LAK |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

 

**CHADBOURNE & PARKE LLP**
**Attorneys At Law**
30 Rockefeller Plaza
New York, NY  10112
Telephone:  (212) 408-5100

Attorneys for the defendants,
   Zimmer, Inc., Zimmer Holdings, Inc.,
   and Zimmer Orthopaedic Surgical
   Products, Inc.

## TABLE OF CONTENTS

I.   INTRODUCTION .................................................................................................... 1

II.  STATEMENT OF FACTS ........................................................................................1

III. ARGUMENT ........................................................................................................... 2

    A.   This Action Should Be Dismissed Because Venue Is Improper Under
        28 U.S.C. § 1391(a) ...................................................................................... 2

        1.   Zimmer Holdings Does Not Reside
            In This District And, Therefore, Venue
            Is Not Proper Pursuant To Section 1391(a)(1) ........................................... 3

        2.   Venue Is Improper Pursuant To Section 1391(a)(2)
            Because The Events Or Omissions Giving Rise To
            This Action Did Not Occur In New York...................................................... 5

        3.   Venue Is Improper Pursuant To Section 1391(a)(3)
            Because There Is Another District In Which The
            Action Could Be Brought ............................................................................ 7

    B.   In The Alternative, This Action Should Be Transferred To The Northern District
        Of Indiana Pursuant To Section 1406(a) ................................................................ 8

IV.  CONCLUSION.......................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**

Anscombe Broad. Grp., Ltd. v. RJM Commc'n, Inc.
   No. 03-cv-0306A(F), 2004 WL 2491641(W.D.N.Y. Nov. 3, 2004) .............................. 5, 6

Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez
   171 F.3d 779 (2d Cir. 1999)............................................................................................ 4

Bell v. Classic Auto Grp., Inc.,
   No. 04-cv-0693, 2005 WL 659196 (S.D.N.Y. Mar 21, 2005).................................... 5, 6, 7

Best Van Lines, Inc. v. Walker, 290 F.3d 239 (2d Cir. 2007) ......................................... 4

Bizjetworld Corp. v. Bizjet Int'l Sales and Support, Inc.,
   No. 09-cv-00038, 2009 WL 2170244 (S.D.N.Y. Jul. 14, 2009)...................................... 3, 4

Dabiri v. Fed'n of States Med. Bds. of U.S., Inc.,
   No. 08-cv-4718, 2009 WL 803126 (E.D.N.Y. Mar. 25, 2009) ...................................... 3, 5

Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408 (2d Cir. 2005) ........................................ 6

Florczak v. Staffieri, No. 3:06-cv-0064, 2006 WL 1085173 (N.D.N.Y. Apr. 25, 2006) ............. 5

Goldlawr, Inc. v. Heiman, 369 U.S. 463 (1962)................................................................... 8

Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945) ..................................................... 3

Lahm v. Wagner, 776 F. Supp. 114 (E.D.N.Y. 1991) ................................................... 6

Leroy v. Great W. United Corp., 443 U.S. 173 (1979)................................................... 2

Maldonado v. Inanovich, No. 97-cv-6360, 1998 WL 323483 (S.D.N.Y. Jun. 17, 1998).............. 6

Porter v. LSB Indus., Inc., 600 N.Y.S.2d 867 (App. Div. 1993)....................................... 4

Roper Starch Worldwide, Inc. v. Reymer & Assocs.,
   2 F. Supp. 2d 470 (S.D.N.Y. 1998) ............................................................................... 3

Tauza v. Susquehanna Coal Co., 220 N.Y. 259, 267 (1917)......................................... 3

**Statutes**

28 U.S.C. § 1391(a) ............................................................................................. 1, 2, 3, 4, 5, 6, 7, 8

28 U.S.C. § 1391(c) ............................................................................................................. 3, 4, 5

28 U.S.C. § 1406(a) ............................................................................................................. 1, 3, 5, 8

**Rules**

Federal Rule Of Civil Procedure 12(b)(3) ........................................................................... 1, 3, 5, 8

**Treatise**

Moore's Federal Practice § 110.02[2][d] (3d ed. 1997) ................................................................. 7

Pursuant to Rule 12(b)(3) of the Federal Rules Of Civil Procedure and 28 U.S.C. §§ 1391(a) and 1406(a), the defendants, Zimmer, Inc. ("Zimmer"), Zimmer Holdings, Inc. ("Zimmer Holdings"), and Zimmer Orthopaedic Surgical Products, Inc. ("Zimmer Surgical") (collectively, "Defendants"), respectfully submit this Memorandum In Support Of Motion To Dismiss Or, In The Alternative, To Transfer Venue.

## I. INTRODUCTION

This is a products liability action in which the plaintiffs, Maria Teran and Javier Teran ("Plaintiffs"), contend that Defendants designed, manufactured, and sold a defective *NexGen* artificial knee implant, which allegedly injured Plaintiff Maria Teran. See Complaint And Demand For Jury Trial ("Compl.") at ¶ 1, attached as Exhibit A ("Ex. A"). Although Plaintiffs plead that this action is properly venued pursuant to Section 1391(a), to the contrary, the statutory venue requirements are not satisfied. Venue is not proper in this district because (1) not all defendants reside in New York, (2) no portion of the events giving rise to Plaintiffs' claims occurred in New York, and (3) there is another district in which the action may be brought.

For these reasons, this action should be dismissed pursuant to Rule 12(b)(3) and 28 U.S.C. §§ 1391(a) and 1406(a). In the alternative, this action should be transferred to the Northern District of Indiana pursuant to Section 1406(a).

## II. STATEMENT OF FACTS

Plaintiff Maria Teran is a resident of Arizona with no apparent connection to New York. Ex. A, Compl. at ¶ 3 and passim. Zimmer is incorporated in Delaware and has its principal place of business in Indiana. Id. at ¶ 4. Zimmer Holdings is incorporated in Delaware

1

and has its principal place of business in Indiana.  Id. at ¶ 5.  Zimmer Surgical is incorporated in Delaware and has its principal place of business in Ohio.[1]  Id. at ¶ 6.

Zimmer Holdings is exclusively a holding company, and its primary function is to hold the stock of its subsidiary companies.  Exhibit B ("Ex. B"), Affidavit Of Heather Kidwell ("Kidwell Affidavit") at ¶ 6.  Zimmer Holdings *does not* design, manufacture, or sell artificial knee implants (or any other product) in New York or any other state.  Id. at ¶¶ 4, 5.  Zimmer Holdings has never done business in New York, and it is not registered to do business in New York.  Id. at ¶ 4.  Moreover, Zimmer Holdings does not have offices or employees in New York, and it does not solicit customers or sell products or services there.  Id.

Plaintiffs allege in their Complaint that this Court has diversity jurisdiction pursuant to Section 1332, and the action is properly venued pursuant to Section 1391(a) because Defendants allegedly "conducted substantial business in this district."  Ex. A, Compl. at ¶¶ 8, 9.  As the analysis below reveals, Plaintiffs' assumption regarding venue is incorrect.

### III. ARGUMENT

**A.    This Action Should Be Dismissed Because Venue Is Improper Under 28 U.S.C. § 1391(a)**

"[T]he purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial."  Leroy v. Great W. United Corp., 443 U.S. 173, 183-84 (1979) (footnote omitted).  Where, as here, jurisdiction is premised on diversity of citizenship, Section 1391(a) governs the question of venue.  28 U.S.C. §1391(a). Pursuant to Section 1391(a), venue may be brought *only* in: (1) a judicial district where any defendant resides, *if all defendants reside in the same State*; (2) a judicial district in which *a substantial part of the events or omissions giving rise to the claim occurred*; or (3) a

---

[1]    Plaintiffs incorrectly allege that Zimmer Surgical is incorporated in Ohio.

judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, *if there is no district in which the action may otherwise be brought*. 28 U.S.C. 1391(a). See, e.g., Dabiri v. Fed'n of States Medical Bds. of U.S., Inc., No. 08-cv-4718, 2009 WL 803126, at *6 (E.D.N.Y. Mar. 25, 2009). Rule 12(b)(3) and Section 1406(a) further permit a court to dismiss improperly venued matters. Fed. R. Civ. P. 12(b)(3); 28 U.S.C. §1406(a).

Because (1) Zimmer Holdings does not reside in New York, (2) the events or omissions giving rise to this action did not occur in New York, and (3) this action could have been brought in the Northern District of Indiana, this action should be dismissed pursuant to Section 1391(a).

1. Zimmer Holdings Does Not Reside In This District And, Therefore, Venue Is Not Proper Pursuant To Section 1391(a)(1)

Venue is proper in a judicial district where any defendant resides, if all defendants reside in the same State. 28 U.S.C. § 1391(a)(1). A defendant corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c). In order for a district court to exercise personal jurisdiction over an out-of-state defendant, due process requires "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Dabiri, 2009 WL 803126 at *5 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). "[A] foreign corporation may be subject to jurisdiction in New York if that corporation is present in the state 'not occasionally or casually, but with a fair measure of permanence and continuity.'" Roper Starch Worldwide, Inc. v. Reymer & Assocs., Inc., 2 F. Supp. 2d 470, 472 (S.D.N.Y. 1998) (quoting Tauza v. Susquehanna Coal Co., 220 N.Y. 259, 267 (1917)). "A non-domiciliary corporation transacts business within a state when it purposefully avails itself of the privilege of conducting business in the state." Bizjetworld Corp.

3

v. Bizjet Intern. Sales and Support, Inc., No. 09-cv-00038, 2009 WL 2170244, at *4 (S.D.N.Y. Jul. 14, 2009) (citing Best Van Lines, Inc. v. Walker, 490 F.3d 239, 247 (2d Cir. 2007)). "Determining whether a defendant has transacted sufficient business in New York to subject itself to personal jurisdiction requires an assessment of the totality of the circumstances concerning the foreign defendant's interactions with the state." Id. (citing Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 787 (2d Cir. 1999). Where a defendant is not incorporated in New York, is not registered to do business in New York, does not transact or solicit business in New York, and does not maintain offices, employees, or property in New, personal jurisdiction does not exist. Id. at *2-4 (holding personal jurisdiction did not exist where Oklahoma corporation with principal place of business in Oklahoma did not transact business and did not maintain offices, employees, or property in New York). See also Porter v. LSB Indus., Inc., 600 N.Y.S.2d 867 (App. Div. 1993) (finding personal jurisdiction did not exist over holding company in a products liability action where it was incorporated in Delaware and headquartered in Oklahoma, where it did not design, manufacture, or sell products in New York, and where it never solicited business or maintained offices, employees, or property in New York).

Here, Zimmer Holdings does not reside in New York within Sections 1391(a)(1) and (c) and, thus, venue is improper. Zimmer Holdings is incorporated in Delaware and has its principal place of business in Indiana. Ex. A, Compl. at ¶ 5. Zimmer Holdings is exclusively a holding company, and its primary function is to hold the stock of its subsidiary companies. Ex. B, Kidwell Affidavit at ¶ 6. Zimmer Holdings does not maintain an office in New York and is not registered in New York. Id. at ¶ 4. Zimmer Holdings likewise *does not* conduct business in New York, and it *does not* design, manufacture, or sell artificial knee implants (or any other

4

product) in New York or any other state.  Id. at ¶¶ 4, 5.  As such, Zimmer Holdings lacks sufficient contacts with the State to establish personal jurisdiction and, thus, residency in New York.

Section 1391(a)(1) allows a plaintiff to file an action in any district where a defendant resides, *as long as all defendants reside in the same state*.  Put simply, Zimmer Holdings is not subject to personal jurisdiction and does not reside in New York pursuant to Sections 1391(a)(1) and (c).  Therefore, venue is improper in this district, and the Court should dismiss this action pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a).  See Dabiri, 2009 WL 803126 at *6 (dismissing plaintiff's action for improper venue under Section 1391(a)(1) where corporate defendant was not subject to personal jurisdiction and did not reside in New York); Bell v. Classic Auto Grp., Inc., No. 04-cv-0693, 2005 WL 659196, at *4 (S.D.N.Y. Mar. 21, 2005) (dismissing plaintiff's action for improper venue under Section 1391(a)(1) where all defendants were not subject to personal jurisdiction and did not reside in New York); Anscombe Broad. Grp., Ltd. v. RJM Commc'n, Inc., No. 03-cv-0306A(F), 2004 WL 2491641, at *9 (W.D.N.Y. Nov. 3, 2004) (holding venue improper under Section 1391(a)(1) where corporate defendant was not subject to personal jurisdiction and did not reside in New York).

2. Venue Is Improper Pursuant To Section 1391(a)(2) Because The Events Or Omissions Giving Rise To This Action Did Not Occur In New York

Section 1391(a)(2) provides that venue is proper in a district in which a *substantial* part of the events or omissions giving rise to the claim occurred.  28 U.S.C. § 1391(a)(2).  "'Substantiality' for venue purposes is more a qualitative than a quantitative inquiry, determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not by simply adding up the number of contacts."  Florczak v. Staffieri, No. 3:06-cv-0064, 2006 WL 1085173, at *4 (N.D.N.Y. Apr. 25, 2006)

5

(citing Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408, 432-33 (2d Cir. 2005)).  "When material acts or omissions within the forum bear a close nexus to the claims, they are properly deemed 'significant' and, thus, substantial, but when a close nexus is lacking, so too is the substantiality necessary to support venue."  Id.

This products liability action has no discernable connection to New York; Plaintiff Maria Teran is a resident of Arizona and has no stated connection to New York.  Ex. A, Compl. ¶ 3 and passim.  Plaintiffs *do not* allege that the knee implant at issue was implanted, sold, or failed in New York, nor do Plaintiffs claim that any alleged injuries or damages were suffered in New York.  Id.  None of the defendants are located in New York, and the knee implant at issue was not designed or manufactured in New York.  Ex. B, Kidwell Affidavit at ¶¶ 3, 5, 7, 8, 10.  Under similar facts, this Court and other district courts in New York have concluded that venue does not exist pursuant to Section 1391(a)(2).  See, e.g., Bell, 2005 WL 659196 at *5 (finding venue improper under Section 1391(a)(2) in breach of contract action where plaintiff did not allege contract was negotiated in New York, that defendants were obligated to perform the contract in New York, or that any alleged breach and resulting harm occurred in New York); Anscombe Broad. Grp., Ltd., 2004 WL 2491641 at *9 (finding substantial part of events did not occur in New York where alleged breach of contract by defendant occurred either in Michigan or Florida); Maldonado v. Inanovich, No. 97-cv-6360, 1998 WL 323483, at *1 (S.D.N.Y. June 17, 1998) (holding venue improper under Section 1391(a)(2) where automobile accident occurred in Connecticut);  Lahm v. Wagner, 776 F. Supp. 114, 115 (E.D.N.Y. 1991) (finding substantial part of events did not occur in New York where automobile accident occurred in Virginia).

Because no part of the events or omissions giving rise to Plaintiffs' claim occurred in New York, venue does not exist under Section 1391(a)(2), and the Court should dismiss this action.

3. Venue Is Improper Pursuant To Section 1391(a)(3) Because There Is Another District In Which The Action Could Be Brought

Section 1391(a)(3) provides that venue may be found in "a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, *if there is no district in which the action may otherwise be brought*." 28 U.S.C. § 1391(a)(3). This section is a "fall-back provision designed to deal with the problem of where venue should lie when the significant events giving rise to the claim arise outside of the United States." 17 James Wm. Moore et al., Moore's Federal Practice, § 110.02[2][d] (3d ed. 1997). Because there is another district in which the action may otherwise be brought – Indiana – venue in this district also is improper pursuant to Section 1391(a)(3).

This action can and should have been filed in the Northern District of Indiana. Zimmer, Zimmer Holdings, and Zimmer Surgical all reside within that district pursuant to Section 1391(c). Zimmer and Zimmer Holdings have their principal places of business in Indiana. Ex. B, Kidwell Affidavit at ¶ 3, 7. The product allegedly at issue – a *NexGen* knee implant – was manufactured by Zimmer. Id. at ¶ 8. Zimmer Surgical also does business with Zimmer in the states of Indiana and Ohio. Id. at ¶ 11. Where (as here) the defendants conduct business and reside in another state, proper venue lies in that state.

Because the action could have been brought in a district other than New York, venue does not exist under Section 1391(a)(3). Bell, 2005 WL 659196 at *6 (holding action could have been filed in New Jersey where all defendants reside under Section 1391(a)(1) and, thus, Section 1391(a)(3) venue did not exist).

7

**B.      In The Alternative, This Action Should Be Transferred To The Northern District Of Indiana Pursuant To Section 1406(a)**

Section 1406(a) permits a court to transfer an improperly venued action "to any district or division in which it could have been brought."  28 U.S.C. § 1406(a); Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465-66 (1962).  As the United States Supreme Court explained in Goldlawr, Section 1406(a)'s transfer provision is designed to preserve claims that rigid application of dismissal rules may bar, where the initial filing was made in good faith, and the filing of the complaint shows the proper due diligence.  See Goldlawr, 369 U.S. at 466-67.

As is noted above, this action should be dismissed because venue does not exist and the Complaint reveals that Plaintiffs filed this action in a jurisdiction with no connection to any of their claims.  However, should the Court be inclined to transfer the matter, the interests of justice favor the Northern District of Indiana.  Zimmer and Zimmer Holdings have their principal place of business in Indiana, and Zimmer Surgical conducts substantial business in Indiana with Zimmer.  Ex. B, Kidwell Affidavit at ¶¶ 3, 7, 8, and 11.  Therefore, should the Court elect not to dismiss this action for lack of venue within Section 1391(a), Defendants respectfully request that the Court transfer it to the Northern District of Indiana pursuant to Section 1406(a).

## III. CONCLUSION

This action should be dismissed for improper venue pursuant to Rule 12(b)(3) and 28 U.S.C. §§ 1391(a) and 1406(a).  In the alternative, this action should be transferred to the Northern District of Indiana pursuant to Section 1406(a).

        Respectfully submitted,

        CHADBOURNE & PARKE LLP

        By: */s/ Phoebe A. Wilkinson*
            Phoebe A. Wilkinson, PW-3143
            30 Rockefeller Plaza
            New York, NY  10112
            Telephone:  (212) 408-1157

        Attorneys for the defendants,
           Zimmer, Inc., Zimmer Holdings, Inc.,
           and Zimmer Orthopaedic Surgical
           Products, Inc.

Dated:  November 21, 2011

## CERTIFICATE OF SERVICE

       I certify that on November 21, 2011, a copy of the Memorandum In Support Of Defendants' Motion To Dismiss Or, In The Alternative, To Transfer Venue was electronically filed.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

       Robert J. Gordon
       David L. Rosenband
       WEITZ & LUXENBERG, P.C.
       700 Broadway
       New York, NY  10003

       */s/ Phoebe A. Wilkinson*